FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

2015 MAR 13 ⊃ 3: 38

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| WALL & ASSOCIATES, INC.<br>POB 747<br>Marshall, VA 20116 | : <br> : <br> : | CASE NO. |
| Plaintiff, | : <br> : <br> : | JUDGE __1:15-CV-331__<br>(LO\|TCB) |
| v. | : <br> : | |
| JAY FREEBORNE<br>1925 Walnut Avenue SW<br>Seattle, WA  98116 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| WATAX, LLC<br>2233 1st Avenue South, #202<br>Seattle, WA 98134 | : <br> : <br> : <br> : | |
| Defendants. | : | |

Plaintiff, Wall & Associates, Inc. ("Associates"), for its Complaint against Defendants

WATAX, LLC ("WATAX") doing business as "Washington Tax Services" and Jay Freeborne

("Freeborne," and collectively "Defendants") for false advertising in violation of the Lanham

Act, 15 U.S.C. § 1125; tortious interference with contractual business relations; defamation per

se; and defamation, states as follows:

### PARTIES, JURISDICTION, AND VENUE

    1.    Plaintiff Associates is a corporation organized and existing under the laws of the

Commonwealth of Virginia, with its principal place of business in Marshall, Virginia.

    2.    Associates is a leader in tax representation and negotiation and serves clients

nationwide to assist them in solving their tax problems.

3.      Defendant WATAX is, and at all times material to this action has been, a limited liability company organized and existing under the laws of the State of Washington with its principal place of business in Seattle, Washington. WATAX does business under the name "Washington Tax Services." WATAX is in the business of providing tax services.

4.      Jay Freeborne is a natural person residing in Seattle, Washington. On information and belief, Freeborne has been an employee of WATAX since 1997.

5.      This Court has federal question jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 because this is a civil action that arises under the Constitution and laws of the United States and pursuant to an Act of Congress relating to trademarks, the provisions of 15 U.S.C. § 1125.

6.      This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to the provisions of 28 U.S.C. § 1367.

7.      Venue is proper in this District under, without limitation, 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this District and Division.

8.      This Court has personal jurisdiction over Defendants because, inter alia, Defendants transact business throughout the United States, including Virginia; advertise throughout the United States, including Virginia; and have engaged in a false advertising scheme directed at, and had the intended effect of causing injury to Plaintiff in Virginia.

### FACTUAL ALLEGATIONS
#### Nature of Action

9.      This action involves Defendants' perpetration of an online false advertising scheme targeting Associates in an attempt to destroy Associates and steal its business. Defendants maintain a blog website in order to generate traffic to WATAX's homepage by

falsely attacking their competitors.  This blog gives the misleading appearance of being written by a neutral third-party concerning the tax negotiation industry.  In reality, the blog is written by a WATAX employee, Freeborne, and is designed to divert internet traffic to WATAX's homepage.  Defendants deploy search engine optimization techniques to ensure the blog ranks highly in potential customers' internet search results when searching for "Wall & Associates."  If a potential customer clicks on the link to the blog, he or she is assailed by negative information concerning Associates and is encouraged to contact Freeborne, a WATAX employee, for more information or for help with the tax problem.  As a result of these attacks, Associates has suffered substantial damages and has seen a decrease in business growth.  Plaintiff files this Complaint to seek recovery of the damages caused by Defendants' acts and to enjoin Defendants from further illegal conduct.

10.     Plaintiff is and was at all times a business providing tax negotiation and resolution services and has been in business since 1982.

11.     Plaintiff represents individuals, businesses, estates, and others who owe taxing authorities, and employs certified public accountants and enrolled agents to assist these customers in resolving their tax problems.

12.     Associates advertises through a variety of means including the internet.  Internet traffic to Associates's website is one of Associates' primary methods of generating leads and potential clients.

13.     WATAX is a direct competitor of Associates.

14.     Defendants, through their publication of false, misleading, and defamatory statements regarding Plaintiff, have caused damage to the reputation of Plaintiff.  Indeed, on

-3-

information and belief, Defendant published a number of false and defamatory reviews regarding Plaintiff on the blog website http://taxresolutiontalk.blogspot.com/.

15.    As of February 23, 2015, Defendants maintained the following false, misleading, and defamatory statements on their website, as shown in the printout attached as Exhibit A.

- Stating that Associates has only "sales" offices around the country and that the Virginia office is the only office to provide "services."
- Stating that Associates charges a "retainer" fee.
- Stating that Associates sends a "collection agency" after defaulting clients.
- Stating that Associates was "going to charge [a customer] $4,000 to represent them and handle the case" for a $2,000 IRS debt.
- Stating that Associates's "mail went unopened for 3 to 4 months" at a time.

16.    The full text of these false statements was formerly found at the following URL, http://taxresolutiontalk.blogspot.com/.

17.    These statements were false because:

- Associates does not have any exclusively "sale" offices and "services" are provided in offices throughout the United States.
- Associates never charges a "retainer" fee. Associates is not a law firm.
- Associates has never used a collection agency to pursue clients who default on their payment agreements.
- Associates did not propose "to charge [a customer] $4,000 to represent them and handle the case" for a $2,000 IRS debt.
- Associates has never let "mail [go] unopened for 3 to 4 months" at a time.

18.     In a tacit acknowledgement that they knew they could not "verify" these statements "if push came to shove," as boasted on the website, Defendants changed these statements (which had already damaged Plaintiff), upon receiving notice from counsel that the blog was defamatory and otherwise in violation of law.  Defendants, however, republished the blog in altered form, reasserting the following false, defamatory statements about Plaintiff:

- Stating that Associates' "Cases don't get properly analyzed" and "High expectations are created to make the sale and aren't lived up to…."

- Stating that Associates office "ran a lady's credit card four times" in a "Des Moines office."

- Stating that an Associates's tax consultant "ran" a prospective client's "debit card for $2000."

- Stating that Associates would charge $8,000 for representation but would not get the levy released "until [the customer had Associates'] sister company do [the customer's] taxes for an extra charge."

- Stating that Associates "seems to emulate" a "now defunct" tax preparation company.

- Stating that an experienced tax consultant with Associates "revealed his lack of knowledge about tax resolution case analysis."

- A false and defamatory account from a customer claiming she was denied a request to speak to a supervisor, given "unprofessional, dillusional [sic] and immature responses," dealt with a "car salesman…misrepresented…as a tax consultant" and that Associates is a "lying, cheating company."

- Characterizing Associates as "creeps," "slithery," the cause of "heartache," "crooked," "scum," "unethical," "incompetent fools," "an absolute fraud" and its CEO as "a scammer and a thief."

- Stating that Associates "drag on cases" and "take advantage of their clients and are rolling in mega bucks in doing it."

19. These statements are false because:

- Associates properly analyzes its cases by conducting a thorough initial meeting with the client followed by a second tier of analysis using information obtained by the IRS if the client chooses Associates to represent them.

- Associates has never run any credit card payments from an office in Des Moines.

- Associates's tax consultants do not have the authority nor are they provided with the information to run someone's debit card for Associates.

- Associates did not propose to charge $8,000 for representation but would not get the levy released "until [the customer had Associates's] sister company do [the customer's] taxes for an extra charge."

- Associates does not "emulate" any "defunct" tax preparation company.

- The named individual has approximately ten years experience and successfully analyzed hundreds of cases for resolution.

- The employee that spoke to the named client was not unprofessional, delusional, or immature, and did assist the client to speak to a supervisor. Associates does not employ car salesmen, misrepresent car salesman as tax consultants, lie or cheat.

- Calling Associates "creeps" and "slithery" implies false facts with respect to its business practices. Clients who are suffering from tax problems find relief not heartache when they contact Associates. Associates is not "crooked," "scum," "unethical," or a "fraud." Associates's CEO is not a scammer or thief, but runs a legitimate, lawful business.

- Associates does not "drag on cases," but seeks swift resolution for its clients' tax problems. Nor does Associates "take advantage of [its] clients," rather it has an entire department dedicated to addressing customer service complaints and dealing directly with dissatisfied clients.

20.     Defendants' statements represent that Plaintiff engages in unethical business practices and unethical behavior. These statements are also false as Plaintiff does not engage in unethical business practices or unethical behavior.

21.     Plaintiff delivers its promised services to its clients and customers.

22.     On information and belief, this blog website, http://taxresolutiontalk.blogspot.com/, is maintained by WATAX, Associates's competitor.

23.     On information and belief, this blog website is utilized to advertise WATAX's services by disparaging and demeaning Associates's services through false, misleading, defamatory, and unsubstantiated statements.

24.     On information and belief, Defendants have agreed among themselves to intentionally attack and damage the business reputation of Associates as evidenced by WATAX posting a link to the blog on its website, http://watax.com/.

25.     Posts on the blog website conclude by encouraging readers to contact WATAX. For example, "You've reached the bottom of the [Associates] narrative. Call us at . . . to see if a more quality, affordable, and customer service-oriented approach will suit you."

26.     The false postings published by the Defendant have caused and continue to cause Plaintiff harm.

27.     Given that a large percentage of Plaintiff's clients and customers find the company on the Internet, the false publications are particularly damaging.

28.     Plaintiff has experienced a decrease in its business growth since the false postings were published on the blog website.  In addition, on information and belief, prospective clients and customers conducting Internet searches in order to investigate the reputation and reliability of Plaintiff and its business, prior to making a decision to engage Plaintiff's services, are negatively influenced by the false reviews and elect not to engage Plaintiff's services.

29.     On information and belief, potential clients and customers have read the posts made by Defendants on the blog website, and decided not to do business with Plaintiff as a result of these false postings.

30.     Plaintiff has requested in writing that Defendants cease and desist, but Defendants have not responded to these requests and have failed to comply with them, as described above. Plaintiff's letters to Defendants are attached as Plaintiff's Exhibits B and C.

## COUNT ONE
**(Violation of the Lanham Act, 15 U.S.C. § 1125 – False Advertising)**

31.     Plaintiff hereby incorporates by reference all allegations in its Complaint as though the same were fully set forth herein.

32.     This cause of action is for false advertising under 15 U.S.C. § 1125(a)(1)(B).

33.     WATAX and Associates are direct competitors in the tax services industry.

34.     Defendants' blog is a commercial advertisement for its services, as indicated by efforts to induce readers to contact WATAX for tax services.

35.     Defendants have willfully and knowingly engaged in a campaign of false advertising in which they misrepresent the nature, characteristics, and qualities of Associates' services and commercial activities.  This false advertising campaign included, but was not limited to, statements on the blog, http://taxresolutiontalk.blogspot.com described above.

36.     This false advertising campaign further presents a false and misleading description of Associates's services that, upon information and belief, has deceived or has the capacity to deceive a substantial portion of its audience.

37.     These misleading and deceptive statements are material in that they attack Associates' services, business plan, and ethics and, on information and belief, influence consumer's purchasing decisions.

38.     By posting these misleading statements to the blog, Defendants have caused the statements to enter interstate commerce.

39.     Associates has had to expend time and money countering the false advertisements.

40.     Upon information and belief, Associates has suffered damages including, but not limited to, loss of sales and goodwill and damage to its existing and potential business relations.

41.     Pursuant to 15 U.S.C. § 1117(a), Associates is entitled to an award of attorneys' fees.

**COUNT TWO**
**(Tortious Interference with Business Relations)**

42.     Plaintiff hereby incorporates by reference all allegations in its Complaint as though the same were fully set forth herein.

43.     Associates has contracts and business relationships with its customers, and business expectancy from its potential customers, under which Associates has legal rights.

44.     The Defendants had knowledge of these contracts, business relationships, and business expectancy.

45.     Upon information and belief, Defendants intentionally and unjustifiably interfered with these contracts, relationships, and expectancy by engaging in an online false advertising scheme designed to discredit and disparage Associates, resulting in the termination of contractual relationships and loss of business expectancy.

46.     As a result of this interference, Associates has suffered damage.

## COUNT THREE
### (Defamation *Per Se*)

47.     Plaintiff hereby incorporates by reference all allegations in its Complaint as though the same were fully set forth herein.

48.     By making defamatory statements regarding Associates's business to potential and current customers, on the blog website described above and through communication with Associates's customers and potential customers, Defendants have knowingly published materially false statements of fact concerning Associates's business.

49.     The information published by Defendants is false, and the defamatory comments regarding Associates are actionable comments.

50.     Defendants have published unprivileged, defamatory information on the Internet, viewable to at least one third party.

51.     Defendants are at fault for publishing the defamatory information.

52.     The published comments were made with the requisite intent by Defendants to irreparably harm Plaintiff's professional and business reputation.

53.     The published comments demonstrate an intent to harm Plaintiff's professional and business reputations and constitute actual malice.

54.     The defamatory comments defamed Plaintiff on their face and constitute defamation per se.

55.     Defendants' unlawful conduct has caused damage to Plaintiff, the cost of which to repair will be determined at trial.

## COUNT FOUR
### (Defamation)

56.     Plaintiffs hereby incorporate by reference all allegations in its Complaint as though the same were fully set forth herein.

57.     By making defamatory statements regarding Associates' business to potential and current customers, on the blog website listed above and by through communication with Associates' customers and potential customers, Defendants have published materially false statements of fact concerning Associates' business.

58.     The information published by Defendants is false and the defamatory comments regarding Plaintiffs are actionable comments.

59.     Defendants have published unprivileged, defamatory information on the Internet, viewable to at least one third party.

60.     Defendants are at fault for publishing the defamatory information and acted with actual malice in publishing the information.

61.     Defendants' unlawful conduct has caused damage to Associates, the cost of which to repair will be determined at trial.

62.    Defendants' unlawful conduct has caused and will continue to cause Associates imminent, irreparable injuries for which there is no adequate legal remedy.  Accordingly Associates is entitled to permanent injunctive relief.

63.    As Defendants have placed Plaintiff's professional and business reputations publicly at issue, Plaintiff is entitled to a declaratory judgment that Defendants' statements are false.

64.    Plaintiff is further entitled to recover damages from Defendants for defamation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Wall & Associates, Inc., prays for relief and judgment as follows:

A.    Judgment in favor of Plaintiff and against Defendants WATAX and Freeborne, jointly and severally, in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B.    A preliminary and permanent injunction that issues the following orders against Defendants, their agents, officers, members, managers, employees, representatives, and co-conspirators ("Restrained Parties"):

   i.    Prohibiting the Restrained Parties from any further acts of defamation or publishing of false statements, reviews, advertisements, comments, or information regarding Plaintiff,

   ii.    Mandating that the Restrained Parties take all action to remove all defamatory, disparaging, libelous, and false statements about Plaintiff that Defendants posted on the Internet, including requesting that Internet search engines such as Google, Yahoo!, and Bing remove links to the libelous Uniform Resource Locators ("URL") from their search indices,

-12-

    iii.    Prohibiting the Restrained Parties from posting or publishing false and defamatory statements, similar to those outlined herein, regarding Plaintiff on other public-facing Internet websites;

    iv.    Prohibiting the Restrained Parties from engaging in any additional unfair and deceptive trade practices relating to Plaintiff;

    v.    Prohibiting the Restrained Parties from contacting Plaintiff's customers. and

C.    A declaratory judgment that Defendants' statements regarding Plaintiff are false;

D.    An award of attorneys' fees, costs, and expenses; and

E.    Such other and further relief as the Court deems just, equitable and proper.

**WALL & ASSOCIATES, INC.**
**By Counsel:**

Steven R. Becker (VSB No. 28042)
srbecker@vorys.com
Matthew R. Ryan
mrryan@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
1909 K Street, N.W.
9th Floor
Washington, D.C.  20006-1152
(202) 467-8800
(202) 467-8900 (fax)

OF COUNSEL:

Mary C. Henkel
mchenkel@vorys.com
Clifford W. Lauchlan
cwlauchlan@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street
Suite 3500
Cincinnati, Ohio  45202
(513) 723-4484
(513) 852-7856 (fax)

3/06/2015 21267617 V 5